UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IVAN ENRICO GOUDEAU | * | CIVIL ACTION NO. 2:16-CV-00732 |
| v. | * | JUDGE WALTER |
| BURL N. CAIN | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM RULING**

Before the court is the Report and Recommendation (Rec. Doc. 23) of the Magistrate Judge, as amended (Rec. Doc. 28), an Objection (Rec. Doc. 24) filed by the petitioner, and a Response to the Objection (Rec. Doc. 26) filed by the defendant. After reviewing the Report and Recommendation, the Objection, and the Response, and after an independent review of the record and a *de novo* determination of the issues, the court adopts the Report and Recommendation in its entirety and responds to two of the objections raised by the petitioner. For the reasons in the Report and Recommendation and the reasons explained below, the petitioner's application will be **DENIED** and **DISMISSED WITH PREJUDICE.**

**FACTS & PROCEDURAL HISTORY**

In 2010, the petitioner was convicted of one count of aggravated rape and one count of attempted second degree murder under Louisiana law. After pursuing a direct appeal and state collateral review, the petitioner filed for federal habeas relief under 28 U.S.C. § 2254 on May 25, 2016. He argued that he was entitled to relief on the following grounds: 1) the trial court erred in failing to sequester the jury; 2) the petitioner was denied his constitutional right to confront the witnesses against him; 3) the petitioner was erroneously denied his right to DNA testing; 4) his appellate counsel was ineffective; and 5) his trial counsel was ineffective. In his Objection to the

Magistrate Judge's Report and Recommendation, the petitioner restates his arguments as to all claims but raises two new arguments to support his request for access to DNA testing results.

First, the petitioner claims he is seeking to acquire the results of the DNA testing pursuant to the Louisiana Public Records Law. In doing so, he says he does not seek this information to prove his innocence. Second, the petitioner claims either that: 1) the state did not provide the defense with the results of certain DNA testing, or 2) that the state should have done such testing, and the failure to do so violated his constitutional rights to a fair trial.

## **LAW & ANALYSIS**

The Report and Recommendation properly addresses all claims raised in the petitioner's Objection other than the two assertions raised for the first time after the Report and Recommendation was issued. Thus, this court addresses only the two claims that the petitioner asserts for the first time in his Objection to the Report and Recommendation.

An application for federal habeas relief may only be granted on the ground that the petitioner is in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Rule 2(c) of the Rules Governing Section 2254 Cases states that a petitioner's application for federal habeas relief under 28 U.S.C. § 2254 must specify all the grounds for relief available to the petitioner, the facts supporting each ground, and the relief requested. An application for a writ of habeas corpus under § 2254(b)(1) shall not be granted unless: 1) the applicant has exhausted available state court remedies; 2) there is an absence of available state corrective process; or 3) circumstances exist that render such process ineffective to protect the rights of the applicant. Under § 2254(b)(2), an application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

1. **Petitioner Seeks the Results of DNA Testing Under the Louisiana Public Records Law**

The petitioner seeks to acquire the results of DNA testing as part of the Louisiana Public Records Law. The Public Records Law is the short title given to Chapter 44 of the Louisiana Revised Statutes. La. Rev. Stat. § 44:1.1. The petitioner had previously petitioned for post-conviction access to DNA testing through his state post-conviction relief proceedings and federal habeas relief petition pursuant to Article 926.1 of the Louisiana Code of Criminal Procedure ("Application for DNA testing"). He was unsuccessful in his state court proceedings, and the court agrees with the Magistrate Judge's conclusion that he has not shown a right to federal habeas relief under this claim. In his Objection to the Report and Recommendation of the Magistrate Judge, the petitioner refers to the Louisiana Public Records Law for the first time regarding his claim to access the results of certain DNA testing. The petitioner claims he does not seek these results for the purpose of proving his innocence.

On this basis, it is unclear what relief the petitioner is asking of the court. This claim was not asserted in the petitioner's application for a writ of habeas corpus, and he has not met his burden to show a violation of his constitutional rights as required by § 2254(a) and the Rules Governing 2254 Cases. The petitioner provides no indication or documentation that he has previously sought this information through proper state procedures pursuant to the Louisiana Public Records Law as required by §2254(b), or that such procedures are facially inadequate. *See Richards v. District Attorney's Office*, 355 F. App'x 826, 826-27 (5th Cir. 2009) ("Moreover, for purposes of a procedural due process claim, Richards has not demonstrated the facial inadequacy of Texas's procedures for post-conviction DNA access, and never having invoked the state process available to him, he cannot sustain an as-applied challenge."). Further, as the Magistrate

Judge has correctly concluded, there is no freestanding constitutional right of access to state's evidence for post-conviction DNA testing within a petitioner's right to substantive due process. *District Attorney's Office for Third Judicial District v. Osborne*, 129 S.Ct. 2308, 2322 (2009). Thus, this claim is outside the court's scope of review.

2. **The State Withheld the Results of DNA Testing or the State Failed to Conduct DNA Testing, Violating the Petitioner's Constitutional Rights**

It is unclear from the petitioner's Objection whether the petitioner is claiming that his constitutional rights were violated because the state did not provide the defense with the results of specific DNA testing or whether they were violated because the state *should* have done certain DNA testing but failed to do so. Under either scenario, the petitioner's claim does not succeed. Under the first scenario, the issue is properly construed as one of discovery and withholding of exculpatory evidence. These issues were properly addressed by the Magistrate Judge under the ineffective assistance of trial counsel claim. (Rec. Doc. 23, pp. 17-19). Further, the underlying criminal action against the petitioner proceeded under an open file discovery.[1] The former trial counsel stated that he did not feel that anything in the State's file was withheld from him,[2] and the petitioner stated that he was not arguing that the district attorney did not give his trial counsel documents.[3] In his Objection, the petitioner includes no further evidence beyond his own restated

---

[1] Court: But, if I recall, was it not an open file discovery opportunity?
[Petitioner]: That's what [the prosecutor] stated to the Court when she said open file – it was open file discovery for [trial counsel].
Transcript of Evidentiary Hearing on Ineffective Assistance of Trial Counsel (Rec. Doc. 21, att. 11, pp. 145-146).

[2] [Court]: But, do you have any information or was there anything in the State's file that you felt that they did not make available to you?
[Trial Counsel]: Well, no.
Transcript of Evidentiary Hearing on Ineffective Assistance of Trial Counsel (Rec. Doc. 21, att. 11, p. 149).

[3] The Court: But, you're not saying the D.A. did not give [trial counsel] documents?
[Petitioner]: No, I'm not saying that.
Transcript of Evidentiary Hearing on Ineffoctive Assistance of Trial Counsel (Rec. Doc. 21, att. 11, p. 150).

4

conclusory statement that the state withheld such evidence. Thus, under this scenario, the court adopts the recommendation of the Magistrate Judge.

Under the second scenario, that the state *should* have conducted certain DNA testing, the petitioner seems to suggest that not conducting certain DNA testing is a violation of the petitioner's constitutional right to a fair trial. The court finds nowhere in the record that shows this claim has been exhausted at the state level, nor any support from the petitioner that there is an absence of available state remedies or that existing remedies do not protect the petitioner's rights as is required under 28 U.S.C. § 2254(b)(1). Further, the petitioner did not assert this claim prior to his Objection to the Magistrate Judge's Report and Recommendation and provides no support other than to ask the question of whether the state should have pursued more DNA testing than it did.

It is well established that a prosecutor has a duty not to suppress material information favorable to a defendant. *U.S. v. Brown*, 628 F.2d 471, 473 (5th Cir. 1980) (citing *United States v. Agurs*, 427 U.S. 97, 110-11 (1976)). However, "[t]ruth, justice, and the American way do not…require the Government to discover and develop the defendant's entire defense….In no way can information known and available to the defendant be said to have been suppressed by the Government." *Id.* As previously discussed, the petitioner's case proceeded under open file discovery, giving the petitioner access to the state's evidence, which he could have used and investigated of his own accord.[4] The prosecution was not under an obligation to develop the petitioner's defense. Thus, under this scenario, the petitioner has not alleged a valid violation of his constitutional rights, and therefore, his claim is outside the scope of federal habeas review.

---

[4] Although the petitioner does not describe the articles he believes should have been subjected to DNA testing, the Magistrate Judge notes that though the petitioner seems to allege that a pair of boxers and a pair of pants that were taken into evidence were not subject to DNA testing, the trial court noted that "[b]oth…items were tested, and the report showed none of the results were testable." (Rec. Doc. 23, p. 16, n.7) (citing Rec. Doc. 21, att. 10, p. 26).

## **CONCLUSION**

For the above reasons and the reasons explained in the Report and Recommendation (Rec. Doc. 23), as amended (Rec. Doc. 28), the petitioner's application is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

Shreveport, Louisiana, this 8th day of March, 2017.

DONALD E. WALTER
UNITED STATES DISTRICT COURT